(No. 23672.—

Octavia Benton, Appellee, vs. Clarence Marr,
Appellant.

*Opinion filed December 10, 1936.*

Ellis & Westbrooks, (Richard E. Westbrooks, of
counsel,) for appellant.

Braden, Hall & Barnes, (Zedrick T. Braden, of
counsel,) for appellee.

Mr. Justice Jones delivered the opinion of the court:

The plaintiff, Octavia Benton, recovered a judgment for
$750 against the defendant in the superior court of Cook
county. The action was for damages incident to an alleged
assault and battery of the plaintiff by the defendant. The
defendant traversed the averments of the complaint and
filed a counter-claim, to which plaintiff replied. When the
cause was reached for trial the parties appeared and selected
a jury. On the following day the defendant filed a writ-
ten motion asking for a short continuance in order to ob-
tain the testimony of a witness who was not present and

had not been subpœnaed. The court denied the motion and the trial proceeded to a conclusion. A direct appeal has been perfected to this court.

The defendant has assigned seven errors for reversal of the judgment. The sixth assignment is that the denial of the motion for a short continuance to produce the absent witness was a denial to him of due process of law, in violation of section 2 of article 2 of the Illinois constitution. It is because of this assignment that the defendant assumes this court has jurisdiction on direct appeal.

The essential elements of due process of law are notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. (*People* v. *Niesman,* 356 Ill. 322.) In this case the court had jurisdiction both of the parties and of the subject matter. A trial was entered upon without objection by either party.

The granting of a continuance, except where it is based on a statutory cause, rests in the sound judicial discretion of the court. (*Condon* v. *Brockway,* 157 Ill. 90; *People* v. *Trimble,* 345 id. 82.) Whether the court erred in the exercise of that discretion does not involve due process. The trial was conducted according to the usual and ordinary process of a judicial tribunal. However erroneous or unjust the decision may have been, the court had jurisdiction to deny the motion for a continuance and to enter the judgment it did. As we said in *Genslinger* v. *New Illinois Athletic Club,* 332 Ill. 316: "The constitutional requirement of due process of law is not a guaranty that the courts will not commit error in the trial of causes or a guaranty against erroneous and unjust decisions by courts which have jurisdiction of the parties and the subject matter. If errors are committed or erroneous and unjust decisions are rendered they may be corrected in the manner provided by law for the correction of such errors, but mere error in a judgment or decree does not deprive the losing party of the benefit of due process of law."

The sole question relating to the denial of the motion for a continuance is whether or not the trial court erred in its exercise of judicial discretion. Due process is in nowise involved. For that reason this cause is transferred to the Appellate Court for the First District.

*Cause transferred.*