THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* SOUTHGATE CORPORATION, Defendant-Appellant.

First District (3rd Division)   No. 78-1514

Opinion filed June 25, 1980.

William Henning Rubin, of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Robert R. Retke and Richard F. Friedman, Assistant Corporation Counsel, of counsel), for appellee.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, city of Chicago, brought this action against defendant, Southgate Corporation, for numerous violations of the Municipal Code of Chicago in the Southgate Hotel. After a hearing, the court found that a very hazardous condition existed in the Southgate Hotel; it ordered that the building be vacated instanter and that it be secured pending repair. It further ordered that the cause be continued for approximately one month for a progress report on compliance. We affirm.

Prior to the hearing on the complaint, a hearing was held on defendant's motion to suppress evidence allegedly obtained without a search warrant. Frank Barnes, the chief building inspector, testified at this hearing. Barnes stated that he did not have a search warrant when he inspected the Southgate Hotel on August 18, 1978. Noting that there had been several inspections, counsel for the city objected and asked that the date of the inspection in question be clarified. Barnes again stated that the last inspection he made was on August 18, and that he did not have a search warrant at that time. The court then denied the motion to suppress.

At a hearing on the complaint, a Chicago building inspector, fire inspector and electrical inspector testified. Each testified regarding conditions they observed during their inspection of the Southgate Hotel on either July 18, 1978, or August 28, 1978. Frank Barnes did not testify at this hearing.

Specifically, a building inspector testified that he observed extensive fire and water damage, the use of hot plates in some units, the presence of debris in the units and exits, torn carpeting, broken tile, missing door parts, lack of lighting in the exit areas, broken plaster and broken windows. A fire inspector stated that the fire alarm system was inoperable, the fire escape was in need of repair, rubbish was cluttering the storerooms and areaway, the self-closing devices on the doors were missing or broken, and no fire extinguishers were in the hall. Finally, an electrical inspector testified that he observered that some of the exit lights were not illuminated, some fixtures were broken, and various electric cooking utensils were not grounded.

After these inspectors testified, defendant requested that the hearing be continued. The request for a continuance was denied. Then the former owner of the hotel, who also acted as attorney for defendant, testified as to some ongoing and future repairs in the hotel.

Defendant first argues that the inspectors obtained knowledge of the violations without a search warrant. We find defendant's argument to be without merit. At the hearing on the motion to suppress, Barnes, who never testified as to any code violations, stated that he did not have a search warrant when inspecting the hotel on August 18, 1978. However, none of the other inspectors testified as to any code violations discovered

during inspections on August 18, 1978. Rather, they testified regarding inspections made on July 18 and August 28, 1978. Furthermore, none of these inspectors were asked if they had search warrants on these dates. There is nothing in the record to indicate that the inspectors did not have search warrants on July 18 and August 28, and thus defendant cannot now complain that the evidence was improperly obtained.

Defendant next contends that the evidence was insufficient to support the entry of an order to vacate the hotel. The Illinois Municipal Code provides:

> "In case any building or structure, including fixtures, is constructed, reconstructed, altered, repaired, converted, or maintained, or * * * is used in violation of an ordinance * * * the proper local authorities of the municipality * * * may institute any appropriate action or proceeding (1) to prevent the unlawful construction, reconstruction, alteration, repair, conversion, maintenance, or use, (2) to prevent the occupancy of the building, structure or land, (3) to prevent any illegal act, conduct, business, or use in or about the premises, or (4) to restrain, correct, or abate the violation.* * *
>
> In any action or proceeding for a purpose mentioned in this section, the court with jurisdiction of such action or proceeding has the power and in its discretion may issue a restraining order, or a preliminary injunction, as well as a permanent injunction, upon such terms and under such conditions as will do justice and enforce the purposes set forth above." (Ill. Rev. Stat. 1977, ch. 24, par. 11—13—15.)

Thus, in an appropriate case, the court may issue an injunction preventing the occupancy of the building. In the instant case, there was adequate testimony to establish numerous building code violations. In view of the hazardous conditions which threatened the safety of the public, the court properly ordered that the building be vacated instanter.

Defendant also argues that he was denied due process when the court refused to grant a continuance to allow an architect to testify. Defendant requested that the hearing be continued because the architect who was to testify for defendant had left the courtroom. Earlier in the day, the judge had instructed the architect not to leave because he would permit him to testify out of turn. But when it came time for the architect to testify he could not be located, and the court refused defendant's request for a continuance of the hearing.

■■ ■ Defendant's argument regarding the denial of due process fails because the exercise of discretion in the allowance or denial of a motion for a continuance does not involve due process. (*Benton v. Marr* (1936), 364 Ill. 628, 629, 630, 5 N.E.2d 466, 467; *Moore v. McDaniel* (1977), 48 Ill.

App. 3d 152, 164, 362 N.E.2d 382, 392.) Furthermore, we do not believe that the denial of the motion for a continuance was improper. A motion for a continuance is addressed to the sound discretion of the trial court. (*Economy Fire & Casualty Co. v. Warren* (1979), 71 Ill. App. 3d 625, 629, 390 N.E.2d 361, 364; *Pinelli v. Alpine Development Corp.* (1979), 70 Ill. App. 3d 980, 1008, 388 N.E.2d 943, 963.) Defendant failed to file an affidavit in support of his motion as required by Supreme Court Rule 231(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 231(a)), and no offer of proof was made. Therefore, there is nothing in the record to demonstrate that the trial court abused its discretion. See *Atlee Electric Co. v. Johnson Construction Co.* (1973), 14 Ill. App. 3d 716, 722, 303 N.E.2d 192, 197; *Parker v. Newman* (1973), 10 Ill. App. 3d 1019, 1021-22, 295 N.E.2d 503, 506.

■■ Defendant also states that the trial court improperly refused to stay its order or set the amount of an appeal bond. Defendant, however, makes no argument nor cites any authority in support of this statement. Thus, this issue is waived. (*City of Chicago v. Cosmopolitan Bank* (1979), 77 Ill. App. 3d 212, 218, 395 N.E.2d 1070, 1074.) Moreover, the record does not contain a written or an oral motion for an appeal bond or stay. Only issues supported by the record may be recognized; the record cannot be supplemented by statements of counsel in his briefs or arguments. (*In re Estate of McGaughey* (1978), 60 Ill. App. 3d 150, 157, 376 N.E.2d 259, 265; *Witek v. Leisure Technology Midwest, Inc.* (1976), 39 Ill. App. 3d 637, 641, 350 N.E.2d 242, 245.) Since the record does not disclose that these motions were ever made, defendant's contention will not be considered.

Accordingly, the order of the circuit court of Cook County is affirmed.

Affirmed.

McGILLICUDDY, P. J., and McNAMARA, J., concur.