FILENE GALLAGHER, Plaintiff-Counterdefendant, *v.* JOSEPH SWIATEK *et al.*, Defendants-Counterplaintiffs.—(WILLIAM L. KUNKEL & COMPANY, Plaintiff-Counterdefendant, *v.* FILENE GALLAGHER, Defendant-Counterplaintiff and Third-Party Plaintiff-Appellee.—(MELVIN J. SPOTTS, Third-Party Defendant-Appellant).)

First District (2nd Division)    No. 81-530

Opinion filed May 11, 1982.

Michael G. Stein, of Silverstein & Stein, of Chicago, for appellant.

Vincent F. Giuliano and Fishleder, Adler and Adler, both of Chicago, for appellee.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:
This cause has involved several claims and several parties but only two parties are involved in the instant appeal. Filene Gallagher is third-party plaintiff. Melvin J. Spotts is third-party defendant. Gallagher won a judgment against Spotts in the amount of $5,090. Spotts' attorney was not present when the judgment was awarded. The attorney was also absent when the trial court denied Spotts' motion to vacate the judgment. Spotts appeals. He contends that the trial court abused its discretion when it (1) denied a continuance to allow Spotts' attorney to argue the motion to vacate the judgment and (2) denied the motion to vacate the judgment.

This dispute arose in a real estate deal gone bad. Gallagher owned a house and lot in Park Ridge, Illinois. In May 1978, Gallagher engaged the services of William L. Kunkel & Company, a real estate broker, to sell the property. Kunkel showed the property to Joseph and Jeanette Swiatek. The Swiateks, who intended to demolish the house and construct a four-unit apartment building on the lot, executed a contract to purchase the property. The contract stated that the lot was "approximately 50 x 189.5" feet. At the time of the closing, Gallagher tendered a recent survey which showed the dimensions of the lot to be 50 feet by 168 feet. According to a local zoning ordinance, the lot was too small to permit a four-unit apartment building. (A four-unit building would have been allowed on a lot 189 feet deep.) The Swiateks refused to close the deal.

In preparing the contract of sale, Kunkel relied on information provided by Gallagher. In supplying the dimensions of the lot, Gallagher relied on a survey completed in 1976 by Spotts, a registered land surveyor. Spotts' survey shows the dimensions of the lot as 50 feet by 189.5 feet.

Gallagher sued the Swiateks, asking the court to order that the sale proceed. The Swiateks counterclaimed to recover their earnest money deposit. Kunkel sued Gallagher for its broker's commission. Gallagher counterclaimed against Kunkel. Gallagher also filed a counterclaim against Spotts, seeking indemnity in the event judgment was entered against her. The trial court consolidated all the suits.

The trial commenced on November 5, 1980. Testimony was heard on November 5, 6 and 7. On November 7, the court dismissed Gallagher's complaint against the Swiateks and Gallagher's counterclaim against Kunkel. The court also ordered Kunkel to return the Swiateks' earnest money deposit. The trial was then continued to January 6, 1981. For reasons not shown in the record, the trial did not resume until January 20, 1981. In the interim, the court heard cross-motions for summary judgment on Kunkel's complaint against Gallagher. On January 16, 1981, the court entered summary judgment in favor of Kunkel in the amount of $5,090 (the amount of the commission Kunkel had earned for its services as a broker).

The remaining matters came up for trial on January 20. In his appellant's brief, Spotts refers to this as an "unscheduled trial," but it is apparent that Spotts' attorney (Michael Stein) was aware of the trial date, as he sent an associate to ask for a continuance. The associate, Stephanie Kucherak, appeared in court and advised that Stein was attending the funeral of the wife of a circuit court judge. Kucherak asked for a short continuance. Gallagher's attorney informed the court that he was ready to proceed with the trial. The court indicated that the trial would go forward.

The proceedings were, however, quite short. No witnesses were called. Gallagher's attorney called the court's attention to the testimony of third-party defendant Spotts, who had admitted (in his testimony on November 6) that his survey was in error. Gallagher's attorney also tendered a copy of the $5,090 judgment that Kunkel had obtained against Gallagher. The trial court then entered judgment against Spotts for $5,090.

Spotts' attorney (Stein) filed a motion to vacate the judgment. This motion does not appear in the record, but it apparently was set for argument on January 29, 1981. On that date, Stephanie Kucherak again appeared on behalf of Stein. Kucherak presented her affidavit that Stein was in the hospital, scheduled for surgery the following week. Kucherak requested a continuance to February 19. It appears that Spotts' motion to

vacate the judgment was accompanied by Spotts' affidavit. Like the motion, the affidavit is not in the record but, from the comments of the court and counsel, it appears that Spotts' affidavit related a conversation between Stein and Adler (Gallagher's attorney) wherein the latter agreed to continue the trial past January 20. Gallagher's attorney vigorously denied that he had agreed to a continuance. The trial court observed that Spotts' affidavit was incompetent hearsay because it related a purported conversation between Adler and Stein. The court then denied both the motion for a continuance and the motion to vacate the judgment.

Spotts does not contend on appeal that the trial court abused its discretion in denying the motion to continue the trial. Such a contention would be meritless. It is well settled that especially grave reasons must be given to justify a continuance once a case has reached the trial stage. (See *Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 358, 366 N.E.2d 327; see also Ill. Rev. Stat. 1979, ch. 110A, par. 231(f) (no motion for continuance will be heard after a cause has reached the trial stage unless sufficient reason is shown for the delay).) Spotts' attorney was attending a funeral on the day set for trial. He sent an associate to court to move for a continuance. The denial of the motion was not an abuse of the trial court's discretion.

■■ We also note that Spotts does not contend on appeal that the judgment was against the manifest weight of the evidence. Spotts' contention that the trial court erred in denying the motion to vacate the judgment must be evaluated in this light. If the continuance during trial was properly denied and if the judgment is supported by the evidence, what was the basis for Spotts' motion to vacate the judgment? Spotts argues that the judgment was rendered *ex parte*. This is incorrect. "An *ex parte* proceeding is one brought for the benefit of one party only and without notice to the other party or an opportunity for that party to be heard." (*Wilson-Jump Co. v. McCarthy-Hundrieser & Associates* (1980), 85 Ill. App. 3d 179, 185, 405 N.E.2d 1322.) Spotts had notice of the hearing and would have been given an opportunity to be heard if his attorney had elected to attend the trial.

■■ This court considered a similar situation in *Nixon v. Harris* (1975), 31 Ill. App. 3d 204, 333 N.E.2d 667. In that case, the defendant and her attorney were absent on the day set for trial and, following a jury trial, judgment was entered for the plaintiff. The defendant thereafter moved to vacate the judgment. We there observed that a party is not required in his motion to show a meritorious defense and a reasonable excuse for not asserting that defense. Nevertheless, a showing of a meritorious defense and a reasonable excuse are factors that the trial court should consider in determining whether the judgment should be vacated. 31 Ill. App. 3d 204, 211.

■■ As noted above, Spotts has not preserved in the record his motion to

vacate the judgment. Spotts has not shown a meritorious defense, has not shown a sufficient excuse for not offering a defense, and has not shown that the judgment is unsupported by the evidence. Spotts has only shown that his attorney had a reasonable excuse for not attending the hearing on January 29, 1981. Given the circumstances, however, it does not appear that Stein's absence on January 29 was a material factor in the trial court's denial of the motion to vacate the judgment. We conclude that the trial court did not abuse its discretion in denying Spotts' motion to vacate the judgment. *Cf. Conley v. Peoples Gas, Light & Coke Co.* (1980), 82 Ill. App. 3d 1094, 1100, 403 N.E.2d 625 (decision to vacate a judgment within 30 days of entry rests within the sound discretion of the trial court).

Spotts also contends that the trial court abused its discretion in denying a continuance on January 29 when Stein was in the hospital and unable to attend the hearing. In *Jarvis v. Shacklock* (1871), 60 Ill. 378, our supreme court considered a claim that the trial court erroneously denied a continuance when the defendant's counsel was ill. The court observed that the issue to be tried was uncomplicated and could have been handled by another attorney with a few minutes' preparation. The court held that the motion was properly denied. 60 Ill. 378, 379; see also *City of Elgin v. Nofs* (1904), 212 Ill. 20, 23, 72 N.E. 43 (two of appellant's attorneys were ill; no showing that remaining attorney could not have handled the defense; no abuse of discretion in denying the motion for continuance).

In the case at bar, Stein's associate appeared in court on January 29 to ask for a continuance. There has been no showing that Kucherak or another attorney could not have argued the motion. Spotts suggests that Stein's attendance was required because Stein was a "key witness" at the hearing, presumably because he could have testified concerning his prior conversations with Gallagher's attorney. This argument also fails. If the continuance was sought because of the absence of a witness (Stein), the continuance was properly denied because the motion did not contain the affidavit of that witness, describing the evidence to be adduced. (See Ill. Rev. Stat. 1979, ch. 110A, par. 231(a); see also *Mann v. People* (1981), 98 Ill. App. 3d 448, 452, 424 N.E.2d 883 (affidavit of the witness is mandatory in such a case).) Moreover, it is not clear how Stein's testimony could have advanced the motion. Spotts implies that Stein could have testified concerning his absence on January 20 and his conversation with Adler (Gallagher's attorney) regarding a continuance, but, as has been shown, the trial court properly denied a continuance from January 20, and Spotts does not contest that denial.

A trial court has broad discretion to allow or deny motions for continuance. (*Thilman & Co. v. Esposito* (1980), 87 Ill. App. 3d 289, 293, 408 N.E.2d 1014.) Absent a manifest abuse of that discretion, a reviewing court will not reverse the decision of the trial court. (*Thilman & Co. v.*

*Esposito* (1980), 87 Ill. App. 3d 289, 294.) We find that the trial court did not abuse its discretion in denying a continuance of the January 29 hearing.

The judgment of the trial court is affirmed.

Affirmed.

DOWNING and PERLIN, JJ., concur.