NANCY MEYERSON, d/b/a Meyerson Communications, Plaintiff-Appellee, v. SOFTWARE CLUB OF AMERICA, INC., d/b/a Disk World!, Defendant-Appellant.

First District (1st Division)   No. 85—2603

Opinion filed March 24, 1986.—Modified on denial of rehearing June 23, 1986.

Gordon & Glickson, P.C., of Chicago (Stuart Smith and Jean Marie R. Pechette, of counsel), for appellant.

Bell, Boyd & Lloyd, of Chicago (Sanford R. Gail, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff brought this action to recover for advertising services she rendered to defendant. Following a bench trial, the trial court entered judgment on August 1, 1985, for plaintiff in the amount of $6,198.09. Defendant appeals, contending (1) the trial judge's scheduling of the trial upon a date when he knew the defendant could not be present violated defendant's constitutional right to due process of law under the United States and Illinois constitutions and (2) the trial court's refusal to schedule the trial on a date when defendant could be present to participate in the proceedings was a manifest abuse of discretion warranting reversal.

Plaintiff's complaint was filed July 13, 1984, and it alleged that she rendered advertising services to defendant for which defendant promised to pay, that defendant had refused to pay, and that there was an account stated of $5,964.22. Attached to the complaint was a statement of account dated June 30, 1984, in the amount of $5,964.22 from Meyerson Communications to Disk World!. This "statement of account" shows a balance of $4,673.09 on invoices to Disk World! and a balance of $1,291.13 for invoices to LAW/SERV "which were to be

assumed by Disk World!."

On September 14, 1984, defendant filed an answer denying that it had refused payment or that there had been a demand, denying that there was an account stated, and denying that it had assumed the invoices of LAW/SERV. Defendant also filed a request for production and sought further particulars concerning the complaint. On September 28, plaintiff filed a request for production and on October 23, 1984, plaintiff filed a response to defendant's demand for a bill of particulars. On January 23, 1985, defendant filed an answer to plaintiff's bill of particulars, and set forth as affirmative defenses, that a payment of $1,698.72 was for an advertisement that never was used but for which defendant paid in advance, that defendant's alleged unwritten agreement to assume debts of LAW/SERV is unenforceable as in contravention of the Statute of Frauds (Ill. Rev. Stat. 1983, ch. 59, par. 1 *et seq.*) and that plaintiff's failure to provide the expert advertising services to defendant resulted in certain expenses to defendant.

On May 23, 1985, defendant's counsel informed the court that he was not prepared to try the case because several documents requested from plaintiff had not been received until that day and one document had been altered. Plaintiff's counsel stated that his client was present, that the case had been continued the previous occasion over plaintiff's objection, that there had been an agreement to go forward, and that there would have been ample time if defendant's client had appeared at 9:30 a.m. when the case was set. The case was then transferred to the supervising judge for reassignment.

The next action in the case took place on June 12, 1985, when the cause was assigned for trial to Judge Ahern. Defendant's motion to dismiss the complaint for plaintiff's alleged failure to comply with discovery was entered, and plaintiff was ordered to submit to a discovery deposition on June 20, 1985. The cause was set for trial on July 1, 1985, at 2 p.m. without further notice but was then continued by agreement on that date and on July 8, 1985. The record contains a letter from defendant's counsel to Judge Ahern dated July 3, 1985, informing the court that counsel would be involved in a murder case on July 8, 1985, and asking that the cause be set for trial on July 25, 1985, at 2 p.m. On July 25, 1985, plaintiff and her counsel were again in court. Defendant requested a continuance because Gerald S. Saperstein, defendant's president, had called defendant's counsel at 11:45 a.m. and said that he was ill. Plaintiff's counsel objected, pointing out the lack of an affidavit as required by Supreme Court Rule 231 (87 Ill. 2d R. 231), and claiming the case was "fairly simple." When Judge Flynn, who was presiding, attempted to get the parties to agree on a

date, defendant's counsel informed the court, "I will be on vacation the first two weeks in August, after that anytime." When the court suggested the middle of the following week, defendant's counsel again said that he would be on vacation and the court stated:

> "THE COURT: Then I say we have a big problem. I tell you what, if I grant the continuance, I am prepared to set it some time within the next two weeks; otherwise, I am prepared to deny the motion for a continuance."

When plaintiff informed the court that her father was scheduled for surgery on July 30, Judge Flynn pointed out that since he was not "normally the judge that sits here," that the parties would be better served by waiting until Judge Ahern's return the following week. After defendant's counsel reiterated that he could not be present on August 1 or August 2, the court continued the case on defendant's motion until Monday, July 29, 1985, at 9:30 a.m.

On July 29, 1985, Judge Ahern, in a written order, denied defendant's counsel's oral motion to withdraw "so as not to further delay the trial in this case" and set the cause for trial on August 1, 1985, at 2:30 p.m. without further notice. The order recited further, "This trial date is final and there shall be no further continuances of this trial date."

The record does not contain a report of the proceedings for July 29, 1985, but on that date defendant filed an emergency motion for continuance and for substitution of attorneys, alleging that earlier that day defendant had appeared in court at 9:30 a.m. and was ready for trial, that the court on its own motion delayed the matter until 2 p.m., that at 10 a.m. defendant discharged its counsel, that at 10:30 a.m. a pretrial conference was held in the chambers of Judge Ahern and the court on its own motion reset the case for trial on Thursday, August 1, 1985, at 2 p.m. although defendant's counsel had informed the court that he had just been discharged and was scheduled for a vacation from July 31, 1985, through August 9, 1985. Counsel stated he had consulted with another law firm which "will represent" defendant "provided the trial date be continued approximately" 30 days. Defendant asserted it was being denied counsel of its choice.

When this motion was presented on July 30, 1985, Judge Ahern denied it, based in part on Cook County Circuit Court Rule 5.2(b), which provides that a continuance shall not be granted upon the ground of substitution or addition of attorneys. When defendant's counsel stated that he had appeared the previous morning and was ready for trial, Judge Ahern responded that Judge Flynn, as a visiting judge, did not know the procedure, and that the case could not

have been heard at 9:30 a.m.

On August 1, 1985, Mr. Saperstein appeared without counsel, tendering to the court an affidavit indicating that he could not proceed with trial because of a medical condition requiring that he avoid stressful or anxiety-provoking situations. This affidavit also stated that defendant had dismissed counsel, because counsel was not familiar with the complex, specialized issues involved in the case. This affidavit was supported in part by a letter from a doctor indicating that Mr. Saperstein had been under his care for several years, had been under extreme mental stress recently and that it would be inadvisable for him to be exposed to the stress of a trial proceeding.

After informing the court that discharged counsel had told him that he would not be present, Mr. Saperstein asked and was granted permission to leave the courtroom. Plaintiff then testified. Since no claim is made that the plaintiff's case was not sufficiently proved, it is unnecessary to discuss plaintiff's testimony in detail. But we note that her testimony substantially supported the allegations contained in her original complaint, except that plaintiff did not seek to prove any damages based on services rendered to LAW/SERV.

■ Plaintiff has filed a motion to strike portions of defendant's brief, five letters relating to discovery proceedings attached as an appendix but never filed in the trial court, and certain statements not supported by the record. Defendant objected and, alternatively, sought leave to supplement the record with the five letters and submitted the affidavit of the author of the letters attesting to their accuracy. Plaintiff sought leave to file a reply to defendant's alternative motion, and we ordered these motions taken with the case. To the extent that matters in a brief are not supported by the record a court of review will disregard them. (*Schroeder v. Meier-Templeton Associates, Inc.* (1985), 130 Ill. App. 3d 554, 558, 474 N.E.2d 744.) And documents, such as the five letters in this case, which are not a part of the trial court record and were not considered by the trial court, will not be considered on appeal. (*State Farm Mutual Automobile Insurance Co. v. Stuckey* (1983), 112 Ill. App. 3d 647, 649-50, 445 N.E.2d 791.) We therefore grant plaintiff's motions and deny defendant's motion to supplement the record under Supreme Court Rule 329 (87 Ill. 2d R. 329).

■■ ■ Defendant first contends the trial court's actions denied it the constitutionally protected right to its day in court. Defendant reasons that it had a constitutionally protected right to be present at trial protected by the due process clause. (*In re Marriage of Allison* (1984), 126 Ill. App. 3d 453, 457, 467 N.E.2d 310.) Defendant points out that as a corporation, it may only appear in court through a duly

licensed attorney. (*Midwest Home Savings & Loan Association v. Ridgewood, Inc.* (1984), 123 Ill. App. 3d 1001, 463 N.E.2d 909.) Therefore, defendant concludes that the trial court's conduct toward its counsel capriciously and arbitrarily abridged its constitutionally protected due process rights to notice, and an opportunity to be heard and to defend in an orderly proceeding, free of arbitrary and capricious action on the part of the court and the opposing party.

It has been held that denial of a continuance, even if erroneous, is not a violation of due process. (*Moore v. McDaniel* (1977), 48 Ill. App. 3d 152, 362 N.E.2d 382.) On the other hand, it has been said that "[w]hile a continuance clearly required by the ends of justice may [not] be considered a denial of due process in the constitutional sense, it has instead been held to be an abuse of discretion warranting reversal on direct appeal." (*Grant, Schon, Wise & Grant, P.C. v. Borrowdale Co.* (1983), 114 Ill. App. 3d 89, 93, 448 N.E.2d 574.) Therefore, we must determine whether the trial court abused its discretion in denying defendant a continuance.

Especially grave reasons must be given to justify a continuance once the case has reached the trial stage. (*Gallagher v. Swiatek* (1982), 106 Ill. App. 3d 417, 420, 435 N.E.2d 1287.) In *Gallagher*, where counsel attended the funeral of the wife of a circuit court judge, this court found no abuse of discretion in denying a motion for continuance. Defendant has not cited any case in which a trial court has been found to have abused its discretion in denying a continuance, where, as here, counsel would have had to interrupt his vacation plans. In *Nixon v. Harris* (1975), 31 Ill. App. 3d 204, 209-10, 333 N.E.2d 667, the court explained that in determining the propriety of a continuance due to counsel's actions, an important factor is the degree of diligence exercised by the party seeking the continuance. The trial court here clearly concluded that defendant was not diligent. The record shows that the lawsuit here, although it involved some documentary evidence, was a simple one and that the matter was continued several times at the request of defendant over plaintiff's objection when plaintiff was present in court represented by counsel and ready to proceed with trial. Consequently, we are not convinced that the trial court took a one-sided approach in not setting the matter for trial on a date when plaintiff's father was undergoing surgery. After the court had denied defendant a continuance on July 29 and 30, 1985, defendant chose to discharge its attorney rather than either persuade its attorney to continue or obtain other counsel before August 1. Having discharged its counsel at least in part due to defendant's opinion that its counsel lacked specific ex-

perience "in the complex area of an advertising agency's liability to its client," we do not see how defendant has reason to complain that its counsel did not appear at the trial. Defendant's affidavit of August 1, 1985, stated that it fully expected the court to enter a judgment in favor of plaintiff, yet it chose not to employ counsel in the trial court to present its defense. We find no abuse of discretion by the trial court in denying defendant a continuance on July 29, 1985, July 30, 1985, or on August 1, 1985, and we also conclude that defendant was not denied due process of law by the actions of the trial court.

Therefore, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

QUINLAN, P.J., and O'CONNOR, J., concur.