THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL A. FRANCE, Defendant-Appellant.

Third District   No. 3—87—0003

Opinion filed December 9, 1987.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (Howard R. Wertz, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Michael France, appeals from the judgment of the circuit court of Peoria County finding him guilty of robbery. France was charged by indictment with robbery, in violation of section 18—1 of the Criminal Code of 1961. (Ill. Rev. Stat. 1985, ch. 38, par. 18—1.) Following a jury trial, France was found guilty of the charged offense and sentenced to serve a four-year term of imprisonment.

France appeals his conviction on the basis that he was denied effective assistance of counsel. He contends that his attorney failed to seek suppression of two photo identification procedures despite the fact that most of the photographs allegedly used in the array were actually taken after the date of the identification procedures. The State counters this argument and states that by virtue of a sheriff's department policy of always using the most recent available photo of an offender, the State merely had the wrong photos presented at trial. They further contend that this was harmless error. Due to the narrowness of this issue, only those facts necessary will be presented. Further, the State filed a motion to amend the record, to which France has objected, and we have taken that motion with the appeal for consideration.

The robbery victims were examining a vehicle at a used car lot when they were allegedly approached by France and a companion. They exchanged words and the perpetrators eventually left with the victims' money. The victim then filed a complaint with the police. Several weeks later, the victim spotted the car he believed the defendant had been driving the night of the robbery. He noted the license number and reported it to police. He saw the car again later that evening, but was not sure whether he reported it. The victim was shown some photographs on July 3, 1986, and he picked France's picture out after being shown two or three photos. He also identified France at trial as the perpetrator. The other victim also identified France from a photo identification about one month after the incident after viewing the photos for about 25 seconds. He also identified France at trial.

■ Although 1 of the 10 photos used in the lineup was lost, an officer testified that the remaining photos were the ones used in the arrays presented to the victims. Prior to submitting the photos to the jury, France objected that the photos should not be used because they implied prior arrests. The court overruled the objection. The defendant did present an alibi defense at trial. France was convicted and sentenced and this appeal follows.

France contends that the pictures admitted into evidence at trial could not have been used in the photo arrays because the dates on the pictures show they were taken after the July 3 identification. This, he asserts, suggests that the photo identification could not have occurred as the officer suggested. With this as a basis, France asserts that his trial counsel was on notice as to the allegedly flawed procedure and should have sought suppression of the identification testimony. Because he did not, France claims he was denied effective assistance of counsel.

The State asserts that it was merely an administrative procedure which resulted in the erroneous pictures being admitted at trial. Nearly five months had elapsed between the robbery and the trial. The State contends that the photos used in the photo arrays were returned to their respective files, and when the photos were requested for trial, it is the practice of the records bureau to submit the most recent picture available unless it is specified otherwise. This, along with accompanying affidavits and the photos allegedly used in the photo identification, comprised the State's motion to amend the record on appeal.

The first issue we address is the State's motion to amend the record. In support of its motion, the State cites only Supreme Court Rule 329, which states:

> "The record on appeal shall be taken as true and correct unless shown to be otherwise and corrected in a manner permitted by this rule. Material omissions or inaccuracies or improper authentication may be corrected by stipulation of the parties or by the trial court, either before or after the record is transmitted to the reviewing court, or by the reviewing court or a judge thereof. Any controversy as to whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by that court and the record made to conform to the truth. If the record is insufficient to present fully and fairly the questions involved, the requisite portions may be supplied at the cost of the appellant. If necessary, a supplemental record may be certified and transmitted." (107 Ill. 2d R. 329.)

The State clearly seeks to expand the permissible application of Rule 329. Although this court is permitted to allow amendments to the record, any supplementation must have a basis in the trial court record. The issue of the photos was raised for the first time on appeal, and because no proceedings had been held in the trial court on the issue, we will not permit an amendment to include the proper pictures. (See *Meyerson v. Software Club of America, Inc.* (1986), 142 Ill. App. 3d 87, 491 N.E.2d 150 (appellant not entitled to supplement record on appeal with five letters and affidavit of author of letters attesting to their accuracy which had not been filed in the trial court).) It cannot be said that the rule was intended to add totally new material to a trial court record which already discloses accurately what took place at trial.

■ Next, we consider the substance of France's ineffective assistance of counsel issue. France contends that since the main issue at trial was one of identification, the failure to move to suppress the evidence was tantamount to failing to present a defense and cannot be fairly viewed as a matter of judgment or trial strategy. Because it is not a matter of judgment or trial strategy, and because France contends there was a reasonable probability that the outcome would have been different, France asks this court to find he was denied effective assistance of counsel.

The United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, stressed the importance of effective assistance of counsel, but stated that counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (466 U.S. at 690, 80 L. Ed. 2d at 695, 104 S. Ct. at 2066.) In order to substantiate a claim of ineffective assistance of counsel, the defendant must first show that counsel's performance was so deficient that it fell below an objective standard of reasonableness. The second prong of the test requires a showing that the deficient performance prejudiced the defense so seriously that it deprived the defendant of a fair trial. (R. Ruebner, Illinois Criminal Procedure 283 (1987).) It must be remembered, however, that an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691, 80 L. Ed. 2d at 695, 104 S. Ct. 2066.

■ Additionally, we must also keep in sight the burden placed on the defendant to nullify a pretrial identification. The initial burden is on the defendant to establish that within the totality of the circumstances, the pretrial identification was so unnecessarily suggestive

that it gave rise to a substantial likelihood of irreparable mistaken identification. R. Ruebner, Illinois Criminal Procedure 177 (1987).

This is a unique case. No evidence was presented at trial to substantiate the claim that the photographic identification was unduly suggestive. Therefore, it is likewise impossible to determine whether the defendant has established the second prong of the ineffective assistance test. Both parties admit that improper photos were admitted into evidence at trial, albeit for different reasons. This being the case, the only question is whether the underlying photo identification was unduly suggestive. For this reason, we affirm the judgment of the trial court but remand the case for a determination as to the suggestiveness of the photo identification procedure based on the inclusion of the proper photos. If the trial court finds the photo array to be unduly suggestive, then the judgment can be vacated and a new trial awarded at that time. Otherwise, the judgment of conviction and sentence shall be affirmed as indicated by this opinion.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed and the case is remanded for further proceedings.

Affirmed and remanded.

BARRY, P.J., and WOMBACHER, J., concur.