NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 231077-U

NOS. 4-23-1077, 4-23-1078 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 13, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* A.H. and J.H., Minors | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Tazewell County |
| Petitioner-Appellee, | ) | Nos. 20JA218 |
| v. | ) | 20JA219 |
| Jesse H., | ) | |
| Respondent-Appellant). | ) | Honorable |
| | ) | David A. Brown, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE CAVANAGH delivered the judgment of the court.
Justices Doherty and Knecht concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court affirmed, concluding the trial court did not err in denying respondent's motion for a continuance.

¶ 2     Respondent, Jesse H., is the father of J.H. (born in 2010) and A.H. (born in 2012). In August 2022, the State filed separate petitions to terminate the parental rights of respondent as to the minors. In September 2023, the trial court granted the State's petitions and terminated respondent's parental rights. Respondent appeals, arguing that the court erred by refusing to grant his motion to continue the fitness hearing. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     In August 2020, the State filed separate petitions for adjudication of wardship, alleging A.H. and J.H. were neglected pursuant to section 2-3(1)(b) of the Juvenile Court Act of 1987 (705 ILCS 405/2-3(1)(b) (West 2020)) in that their environment was injurious to their

welfare based on their mother's substance abuse, mental health issues, and refusal to comply with the Illinois Department of Children and Family Services (DCFS) in an open intact case. (We note the mother, Talona M., is not a party to this appeal.) The petitions named respondent as the minors' legal father and a person responsible for their welfare.

¶ 5    In May 2021, in a written order, the trial court adjudicated the minors neglected. That same day, the court entered a dispositional order finding respondent unwilling to care for A.H. and J.H., made the minors wards of the court, and placed custody and guardianship with DCFS. The orders indicated that respondent failed to appear and was not involved in the matter.

¶ 6    In August 2022, the State filed separate petitions to terminate the parental rights of respondent as to A.H. and J.H., alleging respondent was unfit under section 1(D)(b) of the Adoption Act (750 ILCS 50/1(D)(b) (West 2022)) in that he failed to maintain a reasonable degree of interest, concern, or responsibility as to the minors' welfare.

¶ 7    The record indicates respondent's first involvement in this case occurred in September 2022. Respondent mailed a handwritten letter to the trial court, which included a separate letter to be delivered to the minors. In the letter to the court, respondent explained that he was currently incarcerated in Texas, but he wished to participate in the proceedings. Respondent included with his letter certificates of completion for educational courses, substance abuse programs, a parenting class, counseling, and other courses he had completed during his time in prison.

¶ 8    To enable respondent's attendance via Zoom, the trial court issued a video writ in October 2022 to the Texas prison where he was housed. Respondent appeared by Zoom at a November 2022 hearing, where he filed an answer to the State's petition, denying the allegations against him.

¶ 9 Following the hearing, the State filed separate supplemental petitions to terminate parental rights. The supplemental petitions alleged that respondent was unfit under section 1(D)(s) of the Adoption Act (*id.* § 1(D)(s)) based on his incarceration at the time the original petitions were filed and his history of imprisonment, which prevented him from discharging his parental responsibilities. Respondent filed an answer to the supplemental petitions, denying the additional allegations against him.

¶ 10 Thereafter, the trial court periodically issued video writs prior to the scheduled hearings. Respondent appeared in court by Zoom on January 4 and February 8, 2023. A video writ was issued for a January 25, 2023, hearing, but the record does not indicate whether a hearing was held that day. Video writs were also issued for hearings on March 22 and May 3, 2023. Respondent was not present at either hearing. We note no transcripts from those hearings are included in the record on appeal.

¶ 11 In July 2023, the trial court conducted a fitness hearing. Respondent's counsel moved to continue the hearing because respondent was not present, despite the issuance of a video writ. Counsel did not know the reason for respondent's absence. The State objected, arguing a continuance would not be in the best interest of the minors, enforcement of the writ would "be very difficult, if not impossible," and a continuance would impede reaching finality in the case. The guardian *ad litem* agreed with the State's position.

¶ 12 The trial court denied respondent's motion. The court found respondent's counsel failed to show it was "in the best interest of the minors to continue this matter for somebody who's incarcerated in another state." While the court acknowledged that respondent's counsel had "done his, you know, diligence by doing the writ," the court agreed with the State that enforcement of

- 3 -

the writ was not feasible. The court observed that even if enforcement of the writ was possible, "there'd be no end to the potential continuances under these circumstances."

¶ 13      Ryan Boone, a FamilyCore caseworker, testified that he was assigned to this case in June 2021. Boone believed that respondent had been incarcerated "for almost the majority of the life of the case." Around December 2022 or January 2023, respondent sent a letter to the DCFS main office and another letter directly to Boone. Both letters were addressed to the minors. Boone did not recall respondent reaching out to any previous caseworkers, and he had no other contact with respondent besides the two letters. He also had no knowledge of respondent providing financial support to the minors.

¶ 14      The trial court admitted three of the State's exhibits, which contained certified copies of respondent's convictions out of Orange County, Texas, for felony assault, felony repeat violation of a protective order, and felony driving while intoxicated.

¶ 15      The trial court found respondent unfit as to both counts alleged by the State in the original and supplemental petitions. In a written order, the court stated respondent was unfit "due to repeated incarcerations and a failure to demonstrate a reasonable degree of interest or concern or responsibility for the minors."

¶ 16      The matter proceeded to a best interest hearing in September 2023. A video writ was issued for respondent, but he was again not present. The trial court found it was in the best interest of the minors to terminate respondent's parental rights.

¶ 17      This appeal followed.

¶ 18                                II. ANALYSIS

¶ 19      On appeal, respondent claims the trial court erred by denying his motion to continue the fitness hearing until such time that he could be present.

¶ 20 We first address the applicable standard of review in this case. Respondent asks this court to review the denial of his motion to continue *de novo*. However, this court has consistently applied an abuse of discretion standard, holding, " '[t]he sole question relating to the denial of [a] motion for a continuance is whether or not the trial court erred in its exercise of judicial discretion. Due process is in no [way] involved.' " *In re S.B.*, 2015 IL App (4th) 150260, ¶ 21 (quoting *Benton v. Marr*, 364 Ill. 628, 630 (1936)). As such, we address respondent's arguments under an abuse of discretion standard.

¶ 21 "Under Illinois law, a party has no absolute right to a continuance." *In re Tashika F.*, 333 Ill. App. 3d 165, 169 (2002). Our legislature has recognized that "serious delay in the adjudication of abuse, neglect, or dependency cases can cause grave harm to the minor and the family and that it frustrates the health, safety and best interests of the minor and the effort to establish permanent homes for children in need." 705 ILCS 405/2-14(a) (West 2022). "The court may continue the hearing 'only if the continuance is consistent with the health, safety[,] and best interests of the minor.' " *In re K.O.*, 336 Ill. App. 3d 98, 104 (2002) (quoting 705 ILCS 405/2-14(c) (West 2000)). Denial of a continuance is not grounds for reversal unless the complaining party can show prejudice. *Id.*

¶ 22 Respondent asks us to apply *S.B.*, 2015 IL App (4th) 150260, ¶¶ 20, 24, where we found the trial court abused its discretion when it denied the respondent's motion to continue an adjudicatory hearing. There, heavy snowfall caused travel delays on the roads. *Id.* ¶ 23. The respondent's counsel informed the court that the respondent, who was being transported by correctional officers from the Illinois Department of Corrections, "was en route to the courthouse." *Id.* ¶¶ 12, 23. Based on those factual circumstances, we held that "[r]efusing to grant a continuance to await [the respondent's] apparently imminent arrival was unreasonable." *Id.* ¶ 23.

¶ 23 Unlike the circumstances in *S.B.*, we do not know the reason for respondent's absence at the fitness hearing. At the hearing, respondent's counsel did not know where respondent was and could not explain his absence. In his brief, respondent argues that his absence was attributable to Texas prison officials not complying with the video writ. However, respondent does not point to anything in the appellate record which substantiates this claim.

¶ 24 Additionally, respondent has not demonstrated how he was prejudiced by the denial. Respondent was completely absent from most of the proceedings. His first appearance in the case occurred after the State filed the termination petitions. The extent of his participation consisted of sending a few letters to the court, his attorney, and the caseworker and attending three hearings by Zoom. Moreover, a permanency review report filed in the trial court noted that respondent would not be released from prison until 2025.

¶ 25 We conclude the trial court did not abuse its discretion by denying respondent's motion for a continuance.

¶ 26 III. CONCLUSION

¶ 27 For the reasons stated, we affirm the trial court's judgment.

¶ 28 Affirmed.