739 N.E.2d 889 (2000)
316 Ill.App.3d 1163
250 Ill.Dec. 892
CHICAGO MOTOR CLUB a/s/o Kathryn Ivin and Kathryn Glass, Plaintiff/Citation Petitioner,
v.
Betty ROBINSON, Defendant-Appellant, (Safeway Insurance Company, Citation Respondent-Appellee).
Betty Robinson, Plaintiff-Appellant,
v.
Safeway Insurance Company, Defendant-Appellee.
Nos. 1-98-0628, 1-98-4147.
Appellate Court of Illinois, First District, Sixth Division.
August 4, 2000.
Rehearing Denied November 2, 2000.
Modified on Denial of Rehearing November 3, 2000.
*890 Brenda J. Marcus, Merrillville, IN, of counsel, for Appellant.
Parrillo, Weiss & O'Halloran, Chicago (Keely Truax, of counsel), for Appellee.

MODIFIED ON DENIAL OF REHEARING
Presiding Justice ZWICK delivered the opinion of the court:
This consolidated appeal arises from a traffic accident which occurred on November 14, 1991. In the liability action, which is not the subject of the current appeal, *891 plaintiff Chicago Motor Club, on behalf of two of its insureds, brought suit against Betty Robinson. Safeway Insurance Company (Safeway), which had issued a policy of insurance to Robinson, initially refused to defend her.
Robinson filed a pro se appearance and answer January 3, 1994. Robinson subsequently retained attorney Steven Grady of the Chicago Volunteer Legal Services Foundation who filed an appearance, amended answer and affirmative defenses. Grady also filed, on April 18, 1994, a declaratory judgment action for Robinson against Safeway and an insurance agency, Thomas & Associates Insurance, Co. (Thomas & Associates). Although Robinson's policy was dated November 19, 1991, five days after the accident, Robinson claimed that she had procured her policy through Thomas & Associates on November 12, 1991, and that she was covered by Safeway under a binder issued by Thomas & Associates.
Safeway subsequently retained attorney I.R. Strizak to defend Robinson in the Chicago Motor Club case. By letter of May 9, 1994, Strizak informed Robinson that "it is my understanding that Safeway Insurance Company, in fact, is extending you coverage and they will pay my fees as an attorney." Strizak entered his appearance on April 26, 1994 and acted as attorney for Robinson for the remainder of the liability action.
Grady subsequently filed a motion to withdraw and have Strizak substituted as attorney for Robinson. He also filed a petition to withdraw from the declaratory judgment suit citing his "complete lack of communication" with Robinson which resulted in his inability to effectively represent her. Robinson thereafter represented herself in the declaratory judgment action, which was ultimately dismissed for want of prosecution on March 13, 1995.
Strizak pursued discovery on Robinson's behalf in the liability action. However, on November 22, 1994, he failed to appear at a trial call, and the court found Robinson in default, setting the matter for prove-up on January 9, 1995. No motion to set aside the default was filed prior to the prove-up. On January 9, 1995, Strizak appeared, but the court entered a default judgment against Robinson in the amount of $25,000.
On January 25, 1995, Strizak filed a section 2-1401 motion on Robinson's behalf to vacate the default judgment entered January 9, 1995. The motion was noticed for February 13, 1995. However, on February 14, 1995, all pending motions were stricken. On February 15, 1995, Strizak filed an identical motion to vacate the default. Hearing on that motion was set on February 27, 1995, and continued until April 3, 1995. Strizak did not appear on April 3, 1995, but Robinson appeared personally. The docket entry states that "[d]efendant will attempt to seek additional counsel," and the motion to vacate was continued to April 24, 1995. By letter dated April 4, 1995, Strizak advised Robinson that he expected to be able to set aside the judgment entered on January 9, 1995. He also informed her that he would not withdraw as her attorney.
On April 24, 1995, Robinson again appeared in court for the hearing on the motion to vacate the default, but Strizak again failed to appear. The judge issued a rule to show cause against Strizak and reset the motion to May 15, 1995. On May 15, 1995, Strizak appeared with Robinson and the 2-1401 motion was set for June 12, 1995. That hearing date was continued on motion of Strizak until June 22, 1995, and then until July 7, 1995. On July 7, 1995, the motion was stricken. No appearances are shown in the record on appeal for Robinson or Strizak on that court date.
In December of 1996, Chicago Motor Club sought to enforce its $25,000 judgment by a citation to discover assets filed against Safeway as the purported insurer of Robinson. Robinson was notified by letter. Contested hearings were held with Robinson intervening and appearing pro *892 se. Robinson answered ready for trial on the citation on March 13, 1997. Safeway then presented evidence that the policy of insurance had been issued to Robinson on November 19, 1991, and that Robinson's accident had occurred on November 14, 1991. Safeway did not inform the court that it retained attorney Strizak to represent Robinson in the liability action or that Strizak had represented to Robinson that Safeway was extending coverage to her. Chicago Motor Club did not present any evidence but stated that it would rely upon the case presented by Robinson. Robinson then sought a continuance to obtain an attorney, which the court granted, giving her until April 24, 1997. The court marked this continuance "final".
Attorney Brenda Marcus appeared on behalf of Robinson on April 24, 1997. The trial judge was not available, however, and the trial on the citation claim was continued until May 1, 1997, by agreement of the parties.
The parties disagree as to what transpired at the next court date, on May 1, 1997. The certified bystanders report which was drafted by counsel for Safeway indicates that Chicago Motor Club elected to adopt Robinson's evidence, and attorney Marcus called Robinson as a witness. After numerous objections to her questions were sustained, Marcus stated that she had inadequate time to prepare. The bystanders report then states that Marcus informed the court that she "would not proceed further with the trial." The court subsequently entered judgment in favor of Safeway.
Robinson challenges the Bystander's Report and asserts that Marcus objected to the trial proceedings on May 1, 1997, informing the court that she had inadequate time to prepare her client's case. Robinson's Objections and Proposed Additions to the Bystander's Report, which is included in the record and was filed with the court on December 23, 1997, states she informed the court on May 1, 1997, that she could not familiarize herself with the case in the short period of time provided, and that discovery was needed to prepare a defense, particularly with regard to issues of agency, estoppel and waiver. Robinson also asserted in her objections to the Bystander's Report that she asked the court to have these issues briefed and that she be given additional time to locate a court file which was not available to her. Counsel for Safeway then argued that Robinson had not filed any affirmative defenses in the case and urged the court to rule on the testimony presented. According to Robinson, the court then entered judgment against her and in favor of Safeway.
On May 12, 1997, Robinson filed "Affirmative Defenses" to the citation, alleging waiver and estoppel by Safeway. Robinson subsequently filed her post-trial motion on May 30, 1997, and her amended post-trial motion on December 29, 1997. These were denied January 22, 1998. In denying Robinson's proposed amendments to the Bystander's Report on that same day, the court stated simply that Robinson's proposed additions did not "add to the facts already certified concerning the trial of the Citation" and that "the objections and proposed additions did not change the facts supporting the ruling." Robinson subsequently filed a timely notice of appeal (No. 1-98-0628).
In a separate action in the circuit court, filed on September 27, 1997, Robinson brought claims against Safeway sounding in contract and tort relating to Safeway's alleged undertaking of the defense of the liability action, and its conduct at the citation proceedings. Safeway denied that Thomas & Associates was its agent and asserted the affirmative defense that, in any event, it would not have issued the insurance policy to Robinson had it been given timely information about the accident. Safeway also asserted that it had defended Robinson in the liability action under a reservation of rights.
*893 On March 3, 1998, Safeway filed a combined 2-615/2-619 motion to dismiss Robinson's complaint. 735 ILCS 5/2-619.1 (West 1998). Safeway argued: (1) Robinson's claims should be dismissed under section 2-619(a)(3) because another action between the same parties and addressing the same claims was pending; (2) the citation proceeding in which the court found that Safeway had not insured Robinson was determinative of the case (section 2-619(a)(4) (collateral estoppel)); (3) that the supreme court case of Cramer v. Insurance Exchange Agency, 174 Ill.2d 513, 221 Ill.Dec. 473, 675 N.E.2d 897 (1996) restricted claims by insureds against their insurers to the provisions of section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 1998)); and (4) Robinson's complaint did not state a cause of action for "bad faith."
The court granted Safeway's combined 2-615/2-619 motion, dismissing Robinson's claims with prejudice. Robinson subsequently appealed (No. 1-98-4147).
On April 6, 2000, Safeway filed a motion in this court to dismiss the appeal in No. 1-98-0628. In the motion, which was supported by affidavit, Safeway stated that it had settled the citation claim with Chicago Motor Club. Safeway asserted that the appeal in No. 1-98-0628 was rendered moot by the settlement. Robinson was not a party to the settlement between Chicago Motor Club and Safeway and filed a motion opposing dismissal of the case. She argued, in part, that a confession of error by Safeway on the coverage issue was a required condition for the citation proceedings to be considered moot (see Beacon Home Equipment Co. v. Paulsen, 343 Ill. App. 468, 99 N.E.2d 586 (1951)), and that it would be fundamentally unfair to dismiss the appeal because of the potential res judicata and collateral estoppel effects on her tort and contract claims. On April 21, 2000, we denied Safeway's motion and consolidated appeal No. 1-98-4147 with appeal No. 1-98-0628.
We first address the citation proceeding (No. 1-98-0628) and Robinson's contention that the court improperly denied attorney Marcus's request for a continuance at trial, as well as Robinson's subsequent post-trial motion requesting a new trial. Robinson argues that once she established that she had been prejudiced by Marcus's inadequate time to prepare, the trial court should have allowed the case to be retried.
Section 2-1007 of the Code of Civil Procedure governs requests for continuances. 735 ILCS 5/2-1007 (West 1996). It provides that continuances may be granted for good cause shown, at the discretion of the court and on just terms. 735 ILCS 5/2-1007 (West 1996). There is no absolute right to a continuance. Village of Maywood v. Barrett, 211 Ill.App.3d 775, 156 Ill.Dec. 169, 570 N.E.2d 645 (1991). The trial judge's decision to deny a continuance will not be reversed absent an abuse of discretion. In re Marriage of Ward, 282 Ill.App.3d 423, 217 Ill.Dec. 964, 668 N.E.2d 149 (1996). The denial of a request for continuance will not be grounds for reversal unless the complaining party has been prejudiced by the denial. Shumak v. Shumak, 30 Ill.App.3d 188, 332 N.E.2d 177 (1975).
With regard to the granting of a new trial, it is well settled that it is within the trial court's discretion to grant a motion for a new trial, and the court's decision will not be disturbed absent a clear abuse of that discretion. Ervin v. Sears, Roebuck & Co., 65 Ill.2d 140, 2 Ill.Dec. 333, 357 N.E.2d 500 (1976).
"The purpose of vesting the trial judge with power to grant a new trial is to permit him, before losing jurisdiction of the case, to correct errors that he or the jury might have made during the course of the trial. Courts of review have repeatedly stated that they will not disturb the decision of a trial court on a motion for new trial unless a clear abuse of discretion is affirmatively shown. The reason for this rule is that the trial court *894 has had the opportunity to consider the conduct of the trial as a whole, and therefore is in a superior position to consider the effects of errors which occurred, the fairness of the trial to all parties, and whether substantial justice was accomplished. [Citation.]" Magnani v. Trogi, 70 Ill.App.2d 216, 220, 218 N.E.2d 21 (1966).
In this case, there is no transcript of the trial in the citation proceeding and the certified bystander's report does not suggest that Marcus made a formal or timely motion for a continuance. Of course, Marcus insists she made such a motion. Even assuming, however, that Marcus failed to make a timely motion for a continuance, the record demonstrates quite clearly that it was only at trial that Marcus discovered she was not prepared to finish the proceedings begun by her formerly pro se client. At this point in the trial, through no particular fault of her own, Marcus was put in the untenable position of concluding a trial begun by her client in what had become a relatively complicated insurance dispute, on very short notice. Marcus was handicapped by a lack of discovery, and the record shows she was required to put on her case without access to either the prior testimony of witnesses or a missing court file which was needed to ascertain the nature of the pleadings filed in the underlying liability action. The information in this file was critical to Robinson's claim in that one of Robinson's central contentions was that Safeway had either waived its defenses to coverage or was estopped from raising them due to its conduct in the liability action. It is our conclusion that, to allow Marcus to appear as Robinson's attorney, but then to deny her a reasonable opportunity to prepare for trial, had the effect of seriously prejudicing Robinson's case.
Our holding that the trial court should have set aside the judgment and allowed Marcus more time to prepare her client's case is in no way a criticism of the court's prior orders. The record certainly suggests good reason for the court to have entered a default judgment against Robinson in the underlying liability case, as well as to deny Robinson's subsequent section 2-1401 motion. Indeed, attorney Strizak's pattern of not appearing on scheduled dates compelled such action by the trial court. The same is simply not true, however, with regard to the citation proceeding in which Robinson was not represented by Strizak. The record shows Marcus was diligently attempting to prepare to represent her client in a difficult case, but that the proceedings and court records were such that Marcus could not do so in the short time provided to her. While it is certainly true that Robinson, who initially appeared pro se, should not have answered ready for trial if she was not, in fact, ready, it is our determination that once the court allowed her the option of securing counsel, it was inherently unfair to require that counsel to proceed without allowing adequate time to ready the case. The fact that Robinson had a colorable theory supporting coverage, but that Marcus was not able to articulate this theory or create a record supporting her claim until after the trial, demonstrates Robinson has suffered prejudice. Accordingly, we find an abuse of discretion in the court's failure to allow Robinson's post-trial motion. We remand the matter to allow the citation claim to be retried.
We turn to the appeal in No. 1-98-4147 in which Robinson has alleged various contract and tort claims against Safeway.
Section 2-619.1 of the Code of Civil Procedure allows for a party to combine in one motion a section 2-615 motion to dismiss for substantially insufficient pleadings with a section 2-619 motion for involuntary dismissal based upon defects or defenses. 735 ILCS 5/2-619.1 (West 1998). When ruling on a motion to dismiss under either section 2-615 or section 2-619 of the Code, the trial court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party; the court should grant the motion *895 only if plaintiff can prove no set of facts that would support a cause of action. Toombs v. City of Champaign, 245 Ill. App.3d 580, 185 Ill.Dec. 755, 615 N.E.2d 50 (1993). Because this process does not usually require the appellate court to weigh facts or determine credibility, we generally apply a de novo standard of review. Toombs, 245 Ill.App.3d at 583, 185 Ill.Dec. 755, 615 N.E.2d 50; Weatherman v. Gary-Wheaton Bank, 286 Ill.App.3d 48, 63, 221 Ill.Dec. 685, 676 N.E.2d 206, 216 (1996). However, in cases involving the decision to grant or deny a motion to dismiss on grounds of the existence of a pending action between the same parties for the same cause, we have most often applied an abuse of discretion standard. Katherine M. v. Ryder, 254 Ill.App.3d 479, 487, 193 Ill.Dec. 883, 627 N.E.2d 42 (1993); Kellerman v. MCI Telecommunications Corp., 112 Ill.2d 428, 447-48, 98 Ill.Dec. 24, 493 N.E.2d 1045 (1986).
We first address the contention made by Safeway in the trial court that Robinson's tort and contract action against Safeway required dismissal under section 2-619(a)(3) of the Code. This statute provides:
"2-619 Involuntary dismissal based upon certain defects or defenses. (a) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:
* * *
(3) That there is another action pending between the same parties for the same cause." 735 ILCS 5/2-619(a)(3).
It is the burden of every section 2-619(a)(3) movant to demonstrate through clear and convincing evidence that the two actions involve both the same parties and the same cause. Hapag-Lloyd (America), Inc. v. Home Insurance Co., 312 Ill.App.3d 1087, 1091, 246 Ill.Dec. 36, 729 N.E.2d 36 (2000). Here, however, the two actions were not shown to be between the same parties, nor did they involve the same cause. The liability action and subsequent citation proceeding centrally involve a dispute between Chicago Motor Club and Robinson, principally concerning claims of liability and damages, whereas the tort and contract action is a dispute between Robinson and Safeway over coverage. Moreover, although both proceedings ultimately concerned a single common issue (i.e., whether Safeway is obligated to extend coverage to Robinson), they involved different underlying facts. In addition, at the time of the citation proceeding, it was unclear whether Robinson could have brought damage claims in those proceedings against Safeway beyond claiming coverage to satisfy Chicago Motor Club's judgment. Although the appellate court has subsequently decided this question affirmatively, Robinson had no precedent to support such a claim prior to the court's decision in Buckner v. Causey, 311 Ill. App.3d 139, 243 Ill.Dec. 786, 724 N.E.2d 95 (1999), which considered the issue as a matter of first impression. We therefore find the trial court abused its discretion in dismissing Robinson's claims against Safeway. A far more appropriate ruling, if the court were concerned about the prospect of duplicative litigation, would have been to stay the proceedings in the coverage action until resolution of the citation action, as permitted by section 2-619. See Kellerman, 112 Ill.2d at 447-48, 98 Ill.Dec. 24, 493 N.E.2d 1045.
We next address Safeway's contention on appeal that either res judicata and/or collateral estoppel required that the cause be dismissed, pursuant to Code section 2-619(a)(4). This section provides that a cause can be involuntarily dismissed if the cause "is barred by a prior judgment." 735 ILCS 5/2-619(a)(4) (West 1998). Because we have reversed the judgment in the citation action, neither res judicata nor collateral estoppel are any longer valid grounds for dismissal. See Ericksen v. *896 Rush Presbyterian St. Luke's Medical Center, 289 Ill.App.3d 159, 168-69, 224 Ill. Dec. 518, 682 N.E.2d 79 (1997) (in order to apply the collateral estoppel doctrine, there must have been a final judgment on the merits in the previous case); River Park, Inc. v. City of Highland Park, 184 Ill.2d 290, 234 Ill.Dec. 783, 703 N.E.2d 883 (1998) (under the doctrine of res judicata, a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action).
Third, we address Safeway's argument that, as a matter of law, it was not obligated to extend coverage to Robinson because the complaint filed by Chicago Motor Club alleged an accident which occurred before the coverage date of her policy and that an insurer is not obligated to cover losses known to the insured before the policy issues unless the insurer knowingly undertakes to provide such coverage. See 735 ILCS 2-619(a)(9) (providing for involuntary dismissal upon a showing that "the claim asserted * * * is barred by other affirmative matter avoiding the legal effect of or defeating the claim"). It is undisputed that Robinson's policy of insurance is dated after her accident. Safeway ignores in its argument, however, Robinson's claim that Safeway had extended temporary coverage to her through a binder. The existence of a valid binder remains a question of fact which has yet to be resolved. In addition, Safeway ignores Robinson's claim of estoppel based upon attorney I.R. Strizak's assumption of Robinson's defense without a reservation of rights and without Safeway's securing of a declaratory judgment.[1] Although Safeway has argued that it did defend Robinson under a reservation of rights, the correspondence between Strizak and Robinson included in the record does not support Safeway's claim. The existence of a reservation of rights by Safeway is, at best, in dispute. It is not, therefore, a valid basis for dismissing the complaint without an evidentiary hearing. See Brazas v. Property Tax Appeal Board, 309 Ill.App.3d 520, 243 Ill.Dec. 124, 722 N.E.2d 1193 (1999).
Fourth, we find merit in Safeway's argument that Cramer v. Insurance Exchange Agency requires dismissal of many of Robinson's claims, but do not agree that all of Robinson's claims must be dismissed. The issue in Cramer was whether an insured's tort claim against his insurer for its breach of the duty of good faith and fair dealing in denying coverage could constitute a cause of action. Cramer, 174 Ill.2d at 515, 221 Ill.Dec. 473, 675 N.E.2d 897. The supreme court determined that it could not because the General Assembly intended section 155 of the Insurance Code to provide the only available extra-contractual remedy for such a plaintiff. Cramer, 174 Ill.2d at 527, 221 Ill.Dec. 473, 675 N.E.2d 897. The court emphasized that it would not endorse a common-law tort where the legislature had acted to provide an exclusive and limited remedy and where that remedy had been regularly updated by the legislature. Cramer, 174 Ill.2d at 527-28, 221 Ill.Dec. 473, 675 N.E.2d 897.
Part of the complaint brought by Robinson alleges breach of contract claims, and section 155 of the Code allows the court to make certain other damage awards beyond contract damages to Robinson if it is found that Safeway is guilty of vexatious and unreasonable conduct in how it handled Robinson's claims. We agree with Safeway, however, that Robinson's tort-based claims relating to Safeway's handling of Robinson's coverage are superseded by section 155 and the court's holding in Cramer. Robinson's complaint does not allege claims based upon a "failure to settle" the liability action, which is the only recognized exception to the doctrine set *897 out in Cramer. See Buckner, 311 Ill. App.3d at 148-49, 243 Ill.Dec. 786, 724 N.E.2d 95. Accordingly, on remand, Robinson is limited in her recovery to contractual damages, and those extra-contractual damages consistent with the provisions of section 155 of the Insurance Code.
In sum, we vacate the judgments entered by the circuit court and remand the matters for further proceedings. With regard to Safeway's attempt to settle the citation proceedings with Chicago Motor Club, nothing in our determination precludes Safeway and Chicago Motor Club from settling their differences on remand. We hold only that such a settlement cannot have res judicata or collateral estoppel effect against Robinson absent her full and fair participation in the citation proceedings, which the record establishes has not yet occurred.
With regard to Robinson's request that we find Safeway has either waived or is estopped from raising coverage issues in the remand in appeal No. 1-98-4147, we decline to reach these issues at this particular stage of the proceedings. These questions should first be addressed to the trial court, which has not yet had the opportunity to rule on them.
Lastly, although we have consolidated these cases for purposes of our consideration, the circuit court remains free to handle these independent actions as it deems most fair and expeditious. The cases need not remain consolidated on remand. We again note, however, that the appellate court has recently determined that an insured may pursue section 155 relief within a citation (or "garnishment") proceeding originally brought by a third party. Buckner, 311 Ill.App.3d at 149-50, 243 Ill.Dec. 786, 724 N.E.2d 95. This being the case, the court may wish to consider whether consolidation is appropriate.
For the foregoing reasons, the judgments of the circuit court of Cook County are reversed and remanded as is consistent with this opinion.
CAMPBELL, J., and SHEILA M. O'BRIEN, J., concur.
NOTES
[1] We recognize that Robinson had a declaratory judgment action pending at the time Strizak was retained. It cannot be determined from the record, however, that Safeway had not waived its right to contest coverage while this claim was pending. Robinson's failure to pursue the declaratory judgment action is consistent with such a waiver.