2021 IL App (1st) 190273-U

No. 1-19-0273

Second Division
August 10, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| | ) | Appeal from the |
| WEBSTER HOUSE ASSOCIATES, | ) | Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 18 M1 718282 |
| | ) | |
| LONNIE BAINES, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | David A. Skryd |
| | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's judgment is affirmed where the court did not err in denying counsel's request for a continuance and proceeding to trial despite defendant's absence.

¶ 2    Plaintiff-appellee Webster House Associates (Webster House), the property management company for the Webster House Apartments in Chicago, filed a verified complaint for forcible entry and detainer in the circuit court against defendant-appellant Lonnie Baines. Following a

bench trial, the circuit court entered an order granting immediate possession of the property to Webster House. On appeal, Baines contends that in denying a motion for a continuance, the trial court denied his counsel adequate time to prepare for trial and denied Baines the opportunity to be present at his trial. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     As an initial matter, we note that Webster House has not filed a response brief in this appeal. "Generally, we will not act as an advocate for an appellee who fails to file a brief." *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). However, because the record is straightforward and the issues on appeal can be decided without the aid of an appellee's brief, we will decide the case on the merits. See *id.*

¶ 5     Additionally, we note that a court reporter was not present during any of the proceedings below. However, the parties submitted bystander's reports to the trial court, and, following a conference with the parties, the trial court certified a report of proceedings. See Ill. S. Ct. R. 323 (eff. July 1, 2017). The record also contains the parties' pleadings and the court's orders. The following background has been gleaned from these documents.

¶ 6     On November 13, 2018, Webster House filed its complaint against Baines, alleging that it was entitled to possession of 2150 North Lincoln Park West, Apartment 201, Chicago, Illinois, because Baines had breached the terms of his rental lease. The accompanying summons listed the trial date as November 27, 2018. Baines was served with the complaint and summons on November 20, 2018.

¶ 7     On November 27, 2018, Baines and counsel for Webster House appeared in court. Baines requested a continuance to obtain counsel, which the court granted. The court granted Baines seven

days to obtain counsel and the matter was set for trial on December 4, 2018. The court advised Baines to inform his counsel, once obtained, that trial was set for December 4.

¶ 8       On December 4, 2018, counsel for Webster House appeared in court with three witnesses and answered ready for trial. Attorney Robert Hernandez of Caroline J. Smith & Associates, P.C. also appeared and stated that he was representing Baines, who was not present in court.  Hernandez offered no explanation for Baines's absence. The trial court, upon denying Hernandez' request for a continuance, informed the parties that the trial would be proceeding that day. The case was held until the end of the court's call for the defendant to appear for trial. There was no appearance for Hernandez in the record.

¶ 9       At trial, Webster House called three witnesses who testified to Baines's actions that "amounted to materially [*sic*] violations of his Lease which were the basis of the case." Hernandez cross-examined each witness. The trial court ruled in Webster House's favor and entered an order of possession, directing Baines to move out of the property immediately.

¶ 10      On December 26, 2018, Baines filed a motion to reconsider. On January 10, 2019, the trial court denied the motion. On February 7, 2019, attorney Caroline J. Smith filed her appearance on behalf of Baines in this matter. Baines's notice of appeal was also filed that day.

¶ 11      On February 20, 2019, Baines filed a motion to stay eviction, which was denied.

¶ 12                              II. ANALYSIS

¶ 13      Baines asserts that the trial court erred in denying his motion for a continuance where Baines was not present on the day of trial and counsel did not have time to adequately prepare for trial. Baines requests that this court vacate the order of possession, reverse the denial of Baines's motion to reconsider, and remand to the trial court for a new trial to allow Baines to testify on his own behalf.

¶ 14    In his brief, Baines couches his arguments in terms of the trial court denying him the opportunity to assert his defenses and denying counsel adequate time to prepare for trial. Underlying Baines's claims is the trial court's denial of Hernandez's request for a continuance. Thus, the issue before us is whether the trial court erred in denying counsel's request for a continuance on the day of trial. Accordingly, we begin our analysis with a review of the principles of law regarding continuances. Before doing so, we deem it appropriate to define the nature of the proceeding below.

¶ 15    A forcible entry and detainer action is a limited statutory proceeding that determines who is entitled to immediate possession of a property. *Avenaim v. Lubecke*, 347 Ill. App. 3d 855, 861 (2004); see 735 ILCS 5/9-101 *et seq.* (West 2018). An action under the Forcible Entry and Detainer Act (Act) (735 ILCS 5/9-101 *et seq.* (West 2018) "is a special statutory proceeding, summary in its nature, and in derogation of the common law[.]" *Avdich v. Kleinert*, 69 Ill. 2d 1, 6 (1977). The purpose of the Act is to provide a speedy remedy to allow a person who is entitled to possession of certain real property to be restored to possession without undue delay. *Rosewood Corp. v. Fisher*, 46 Ill. 2d 249, 251 (1970) (*per curiam*); *Yale Tavern, Inc. v. Cosmopolitan National Bank*, 259 Ill. App. 3d 965, 967 (1994). Because of its summary nature, only matters that are germane to the issue of possession may be raised in an action under the Act. *Avenaim*, 347 Ill. App. 3d at 861-62.

¶ 16    Section 9-109 of the Act provides that if a defendant, having been duly summoned, does not appear for trial, the trial may proceed *ex parte*. 735 ILCS 5/9-109 (West 2018). Rule 10.5 of the Circuit Court of Cook County provides the form of summons in forcible entry and detainer cases filed in the First Districts' Municipal Division. Consistent with the Act, language in the body of the circuit court's form summons provides: "If you fail to appear for TRIAL, a Judgment by

default may be taken against you for the relief asked in the complaint[.]" Cook County Cir. Ct. R. 10.5(b) (eff. June 1, 1979). Against this backdrop, we now consider the propriety of the trial court's denial of Baines's motion for a continuance of trial.

¶ 17    "Litigants do not have an absolute right to a continuance[,]" and the decision to deny or grant the request is left to the sound discretion of the trial court. *Somers v. Quinn*, 373 Ill. App. 3d 87, 96 (2007). We review the trial court's denial of a motion for a continuance for abuse of discretion. *In re Marriage of LaRocque*, 2018 IL App (2d) 160973, ¶ 94. A trial court abuses its discretion when its decision is arbitrary, unreasonable, or fanciful or where no reasonable person would take the view adopted by the court. *Id.* Under this standard, the reviewing court cannot substitute its judgment for that of the trial court or determine whether the trial court acted wisely. *In re Parentage of I.I.*, 2016 IL App (1st) 160071, ¶ 29.

¶ 18    Section 2-1007 of the Code of Civil Procedure states that the court has the discretion to grant additional time for "the doing of any act or the taking of any step or proceeding prior to judgment" on good cause shown. 735 ILCS 5/2-1007 (West 2020). Further, the "circumstances, terms and conditions under which continuances may be granted, the time and manner in which application therefor shall be made, and the effect thereof, shall be according to rules." *Id.* Illinois Supreme Court Rule 231 (eff. Jan. 1, 1970), which sets forth the requirements for motions for continuances, provides that "[n]o motion for the continuance of a cause made after the cause has been reached for trial shall be heard, unless a sufficient excuse is shown for the delay." Once a case has proceeded to the trial stage, "a party requesting a continuance must provide the court with " 'especially grave reasons' " for needing the continuance due to the potential for inconvenience to the witnesses, parties, and the court." *In re Parentage of I.I.*, 2016 IL App (1st) 160071. ¶ 29 (citing *K&K Iron Works, Inc. v. Marc Realty, LLC*, 2014 IL App (1st) 133688, ¶ 23). Often, the

decisive factor is whether the litigant has exercised due diligence in proceeding with the case. *Somers*, 373 Ill. App. 3d at 96.

¶ 19 The case before us is devoid of facts demonstrating that unique circumstances prevented Baines's presence at trial or counsel's preparation for trial. Additionally, from all appearances, this was not a complex case requiring an inordinate amount of preparation for trial. We note again that actions for forcible entry and detainer are summary in nature, limited to matters germane to possession. Though Baines states in his brief that Hernandez "was not given the opportunity to call [Baines] on the phone so he could appear at trial[,]" this fact does not appear in the certified report of proceedings. In fact, according to the bystander's report, the case was held until the end of the call to permit Baines's appearance. Regardless, Baines was well aware of the date of trial, and even in his brief, he does not provide any reason for his absence. Moreover, there is no affidavit containing Baines's allegations in his defense of the action, only a bare statement that he did not initiate the altercation that was the basis of Webster House's complaint. Conversely, Webster House was present on the day of trial and had three witnesses who testified as to the issue. Essentially, Baines requests that this court substitute its judgment for that of the trial court, which as stated we cannot do. Rather, we cannot say that no reasonable person would take the view adopted by the court where Baines was expressly told by the court to inform his counsel of the trial date and there was no reason, "grave" or otherwise, to excuse Baines's absence.

¶ 20 Baines cites to *Samek v. Newman*, 164 Ill. App. 3d 967 (1987), *Circle Management v. Olivier*, 378 Ill. App. 3d 601 (2007), and *Chicago Motor Club v. Robinson*, 316 Ill. App. 3d 1163 (2000), as support of his arguments.

¶ 21 Both *Samek* and *Circle Management* interpret section 5/9-106 of the Act (735 ILCS 5/9-106 (West 2018)) and Illinois Supreme Court Rule 181(b)(2) (eff. July 17, 2020), respectively.

161 Ill. App. 3d at 968-69; 378 Ill. App. 3d at 610-11. Section 9-106 of the Act provides that a "defendant may under a general denial of the allegations of the complaint offer into evidence any matter in defense of this action. Except as otherwise provided in Section 9-120, no matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise." 735 ILCS 5/9-106 (West 2018). Rule 181(b)(2) provides that "in actions for eviction (see Rule 101(b)), the defendant must appear at the time and place specified in the summons. If defendant appears, he or she need not file an answer unless ordered by the court; and when no answer is ordered, the allegations of the complaint will be deemed denied and any defense may be proved as if it were specifically pleaded." Ill. S. Ct. R. 181(b)(2) (eff. July 17, 2020). Baines asserts that *Samek* and *Circle Management* stand for the proposition, based on those two provisions, that he was not required to expressly assert his germane defenses in a pleading prior to the trial and that he should have been permitted to present evidence on those defenses at trial. We would agree that he was not required to plead his defenses pretrial. We disagree, however, that he was precluded from presenting those defenses at trial. It is more accurately the case that he failed to appear at trial to present his defenses. Even so, *Samek* and *Circle Management* are inapposite here.

¶ 22     In *Samek*, we reversed the trial court's judgment on the pleadings because the trial court failed to give the tenant an opportunity to raise a defense germane to the issue of possession and to present evidence regarding such defense. 164 Ill. App. 3d at 969-70. Similarly, in *Circle Management*, we found that the trial court did not conduct a hearing, did not give the tenant an opportunity to prove her defense germane to possession, and the landlord obtained possession without proving its right to possession. 378 Ill. App. 3d at 611-12. Baines contends that these cases are analogous to the present case because in those cases the defendant was denied an opportunity to present a germane defense. However, the situation here differs from *Samek* and *Circle*

*Management* because Baines received a trial at which he had an opportunity to present a relevant defense. The fact of the matter is that Baines was given an opportunity to raise a defense. His own absence from the trial, the date of which he was well aware, prevented him from presenting his evidence. He also had the opportunity to submit to his counsel the evidence to be presented on his behalf. He failed to do that as well. But it simply cannot be said that he was not given an opportunity to present evidence of a defense to possession.

¶ 23    We also find *Chicago Motor Club* distinguishable from the instant case. *Chicago Motor Club* involved an insurance liability dispute with a convoluted procedural history. 316 Ill. App. 3d at 1165-1169. The defendant's original counsel was absent from court on multiple occasions and requested several continuances, which ultimately resulted in a default judgment for the plaintiff. *Id.* at 1166. The defendant proceeded to represent himself as the plaintiff sought to enforce its judgment through a citation to discover assets. *Id.* at 1167. A week before the citation trial, new counsel appeared on the defendant's behalf. *Id.* According to the certified bystander's report, during questioning of the defendant, new counsel stated that she did not have adequate time to prepare and she would not proceed further with the trial. *Id.* at 1167. However, the defendant asserted on appeal that the bystander's report was inaccurate in that counsel objected to the trial proceedings prior to the start of trial due to inadequate time to prepare, the need to conduct discovery, and the unavailability of a necessary court file. *Id.* In remanding to allow the citation claim to be retried, this court stated the following:

> "Through no particular fault of her own, [counsel] was put in the untenable position of concluding a trial begun by her client in what had become a relatively complicated insurance dispute, on very short notice. [Counsel] was handicapped by a lack of discovery, and the record shows she was required to put on her case without access to either the prior

testimony of witnesses or a missing court file which was needed to ascertain the nature of the pleadings filed in the underlying liability action." *Id.* at 1170.

¶ 24 The facts of *Chicago Motor Club* are easily distinguishable: first and foremost, this was not an eviction case, but rather a proceeding to enforce a judgment; the case had been ongoing for over three years; it was "relatively complicated"; the defendant "had a colorable theory" in her defense; and there were missing documents and records in the file. *Id.* at 1170-71. We have none of these facts in the record before us. By all appearances, this was a straightforward eviction case based upon a physical altercation that occurred on the property and Baines now states that he wished to dispute the trial witnesses' accounts of the encounter but failed to appear at his own trial to present this defense.

¶ 25 Of the few published cases finding an abuse of discretion for denial of a continuance, most of them have strong facts showing good cause for the continuance, such as illness of counsel or one of the parties or the unavailability of known witnesses. *Reecy v. Reecy*, 132 Ill. App. 2d 1024, 1027 (1971) (counsel's physician submitted affidavit that counsel had the flu); *Vollentine v. Christoff*, 24 Ill. App. 3d 92, 94-96 (essential expert witness was unavailable on the date that trial was rescheduled); *In re S.B.*, 2015 IL App (4th) 150260, ¶ 23 (Illinois Department of Corrections was delayed in transporting the mother to the courthouse). We point out that there is also often an affidavit supporting the cause for a continuance, which is lacking here. We acknowledge that there is nothing in the record to suggest that counsel's request for a continuance was a dilatory tactic. Nonetheless, given the nature of the proceedings and based on the record before us, we cannot find an abuse of discretion.

¶ 26 Finally, we reject Baines's assertion that the actions of the trial court resulted in unfairness and injustice and went against public policy due to his absence at trial. Though Baines does not

explicitly claim a due process violation, we perceive the argument as such and outright reject this claim. "If adequate notice has been given, a civil jury trial may proceed without the party or counsel, and the present party may prove its claim as if the opposition had been there." *Doe v. Parrillo*, 2020 IL App (1st) 191286, ¶ 47; see also 735 ILCS 5/9-109 (West 2018). Although the summons does not appear in the record, no claim has been raised to suggest any deficiency in the notice. Thus, we conclude that Baines received proper notice of the proceeding, appeared on the summons date, received a requested continuance for trial, yet failed to appear on the scheduled trial date. His attorney, Hernandez, was present and, based on the record, appeared to have represented his client to the best of his ability under the circumstances. Moreover, it is well established that the denial of a motion for continuance does not present a due process issue. *Benton v. Marr*, 364 Ill. 628, 630 (1936); see also *In re S.B.*, 2015 IL App (4th) 150260, ¶ 21 (citing cases holding that denial of continuance presents no due process issue). In his brief, Baines, quoting *Elmwood Park v. Keegan*, 26 Ill. App .3d 925, 927 (1975), states "each party before the court must be accorded a fair trial, free of prejudicial error." Nevertheless, it remains true that a defendant's absence at trial and a denial of a motion for a continuance does not automatically result in a due process violation or, similarly, in an unfair trial.

¶ 27    Though an eviction court, by its nature, must deal with its cases expeditiously, it must do so in compliance with the Act and the Illinois Supreme Court Rules. In this case, Baines was given notice and the opportunity to exercise his rights and has not presented any reason, either in the trial court or here on appeal, as to why he was unable to avail himself of that opportunity. We cannot overlook that plaintiff was present, answered ready for trial, and had present in court three witnesses prepared to testify. Accordingly, we do not find that the trial court abused its discretion

in denying the motion for a continuance. Because Baines's arguments on appeal are without merit, we have no basis to vacate the trial court's order of possession and we must affirm.

¶ 28                                    III. CONCLUSION

¶ 29    For the reasons stated, we affirm the judgment of the circuit court.

¶ 30    Affirmed.